## Tallman's Estate.

*Taxation — Inheritance tax — Life estate — Remainder — Executors and administrators—Trusts and trustees—Exemption from tax—Act of June 20, 1919, P. L. 521.*

1. To exempt a legacy from the payment of an inheritance tax, it must be expressly stated that it is given free of tax, or, in the absence of such express statement, the intent must necessarily be implied from the language used.

2. Where a testator gives money legacies, estates for life and an estate in remainder, names the same trust company as executor and trustee and directs "that all inheritance taxes upon my estate, both as to life estate and the estate in remainder, shall be paid by my executor in due course," the trust company *qua* executor must pay the taxes on the money legacies and life estates, and the company *qua* trustee must pay the tax on the remainder upon the termination of the life estates.

3. Testator's mere statement that the executor shall pay the tax, without any directions as to how it shall be ultimately charged, makes applicable the general principle that each legatee must pay his own tax.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1927, No. 3231.

THOMPSON, J., Auditing Judge, gave the following direction as to payment of transfer inheritance taxes:

"In the payment of transfer inheritance taxes, the tax on the life estates and the two legacies of $1000 each are the only taxes due at this time, and will be deducted from the respective legacies and the income of the life-

Tallman's Estate.

tenants. The tax on the estate in remainder will await the falling in of the life estates."

*W. Y. C. Anderson,* for exceptions.

*Walter Willard (Willard, Greenwood & Willard* with him), contra.

LAMORELLE, P. J., Jan. 11, 1928.—Joseph G. Tallman, by the first and second items of his will, gave directions as to the payment of his debts and the interment of his body. By the third item he gave $1000 each unto his sisters, Annie Finelite and Carrie Tallman Schloo. By the fourth item he gave the residue of his estate unto the West Philadelphia Title and Trust Company in trust to divide the net income thereof into ten equal parts, giving four parts to his brother George, three parts to his brother John, two parts to his sister Carrie and one part to his sister Annie. By the fifth item he disposed of the *corpus* of the trust fund. By the sixth item he provided as follows: "I direct that all inheritance taxes upon my estate, both as to life estate and the estate in remainder, shall be paid by my executor in due course." Lastly, he appointed the West Philadelphia Title and Trust Company executor and trustee.

No question was raised at the audit of the executor's account as to payment of tax on the two pecuniary legacies and the four equitable life estates. The Auditing Judge in his adjudication, following the usual course, awarded the equitable life estates and the two legacies of $1000 each, subject to the payment of tax thereon.

Exceptions have been filed to this ruling, and, the Auditing Judge consenting, though the practice is not to be commended, the question now comes before the court *in banc.*

The main contention of the exceptants is that testator intended to make the transfer inheritance tax an administration expense, and, with this as a premise, it is contended the *corpus* of the residuary estate is to be ascertained by deducting therefrom not only the tax on the pecuniary legacies, but also the tax on the equitable life estates and the *corpus* of the trust fund. If, however, tax on the equitable life estates were deducted from the *corpus* of the trust, to that extent the *corpus*, of course, would be depleted, and the equitable life-tenants would receive income on a depleted amount. In effect, the equitable life-tenants would pay tax. The contention of the exceptants, however, is that they receive their income clear of tax. Such an anomalous result proves that the argument of exceptants cannot be sound.

Moreover, if testator intended to treat the transfer inheritance tax as an administration expense, one would naturally have expected him to direct the payment of transfer inheritance tax and then to dispose of his estate, but he has done the very reverse. He has disposed of his estate and then directed the payment of the tax.

At this point it may be mentioned that in none of the authorities cited are the facts like the ones in the present case. One must, therefore, decide this case by applying general principles.

The result of the authorities is, that to exempt a legacy from the payment of tax, it must be expressly stated that it is given free of tax, or, in the absence of such express statement, the intent must necessarily be implied from the language used. With this principle in mind, let us consider the language of the sixth item. It is a mere statement that the executor shall pay the tax; there is no direction how it shall be ultimately charged. There being no such direction, the general principle of law that each legatee must pay his own tax is applicable.

Tallman's Estate.

Section 16 of the Act of June 20, 1919, P. L. 521, provides that the executor or administrator or other trustee paying any legacy or share in the distribution of any estate of a resident decedent subject to the said tax shall deduct therefrom the tax.

In the present case the same company was appointed executor and trustee, and when testator said the executor should pay, he evidently meant that the West Philadelphia Title and Trust Company, *qua* executor, will have nothing to do with the payment of tax on the *corpus* of the residuary estate when the equitable life estates terminate. That duty will devolve upon it as testamentary trustee. When the Auditing Judge ruled that tax on the *corpus* of the residuary estate must await the falling in of the life estate, he evidently was of opinion that testator's intention was that the West Philadelphia Title and Trust Company should pay the tax and that testator did not draw any distinction between its duties *qua* executor and *qua* trustee.

The exceptions are accordingly dismissed.

HENDERSON, J., did not sit.